IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CRAYTONIA BADGER                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:16-cv-107-KS-MTP

MARSHAL FISHER, ET AL.                                                      DEFENDANTS

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order [26]. Having considered the Motion, record, and applicable law, the undersigned recommends that the Motion be DENIED.

In this action, Plaintiff asserts claims against officials with the Mississippi Department of Corrections ("MDOC") and Amite County, Mississippi, arising from his arrest and incarceration at the Amite County Jail. On June 15, 2017, before Defendants had entered an appearance in this action, Plaintiff filed the instant Motion for Temporary Restraining Order. When he filed this action, Plaintiff was incarcerated in Tennessee, but at the time he filed the Motion, Plaintiff was incarcerated in Arkansas. In the Motion, Plaintiff stated that a warrant had been issued requiring his extradition to Mississippi for his July 25, 2017, criminal trial. Plaintiff requested that the Court enter an order requiring the Amite County Defendants[1] to have no contact with him and to house him in a jail other than the Amite County Jail.

On July 17, 2017, the Amite County Defendants filed their Answer [36]. On July 20, 2017, Plaintiff filed a notice indicating that he had been transferred to the Amite County Jail. *See* Notice [37]. Eight days later, on July 28, 2017, Plaintiff was transferred to Central Mississippi

---

[1] The Amite County Defendants include Tim Wroten, Ray Lofton, Bobby White, and Danny Meaux.

Correctional Facility under the custody of the MDOC. *See* Notice [39]; Motion [40]. The MDOC's inmate database indicates that Plaintiff was convicted of burglary in Amite County and sentenced on July 26, 2017. As Plaintiff is no longer incarcerated at the Amite County Jail, Plaintiff's Motion is essentially moot.

Moreover, Plaintiff has failed to meet the requirements for a temporary restraining order. To obtain a temporary restraining order or preliminary injunction, Plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985). Accordingly, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Id.*; *Women's Med. Ctr. Of NW Houston v. Bell*, 248 F.3d 411, 419 (5th 2001). These requirements are not balanced. Instead, each one must be met before the Court can provide relief. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff alleges that a temporary restraining order is needed because of "possible" retaliation, "possible" excessive force, and "possible" harassment. Plaintiff has not demonstrated that there is a substantial likelihood of success on the merits or that a substantial threat of irreparable harm exists. In fact, Plaintiff was recently transferred to the Amite County Jail, tried and convicted in Amite County, and transferred to MDOC custody. Plaintiff has not demonstrated that his is an exceptional case warranting injunctive relief. Plaintiff has not

"clearly carried the burden of persuasion" on all four requirements for injunctive relief. *See Mississippi Power & Light Co. V. United Gas Pie Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Accordingly, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order [26] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This 28th day of August, 2017.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge