# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CRAYTONIA BADGER**                                                  **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 5:16-cv-107-MTP**

**MARSHALL FISHER, ET AL.**                                  **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [51] filed by Defendants Marshall Fisher and Derrick Patton and the Motion for Summary Judgment [54] filed by Defendants Ray Lofton, Danny Meaux, Bobby White, and Sheriff Tim Wroten. Having considered the parties' submissions and the applicable law, the Court finds that the Motions [51] [54] should be denied.

## BACKGROUND

On November 16, 2016, Plaintiff Craytonia Badger, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose from events which took place while Plaintiff was incarcerated in Ferriday, Louisiana, and incarcerated at the Amite County Jail in Mississippi. Plaintiff asserts claims against Sheriff Tim Wroten, Parole Officer Derrick Patton, and Mississippi Department of Corrections ("MDOC") Commissioner Marshall Fisher for wrongfully holding him in custody at the Amite County Jail for twelve additional days.

Plaintiff also asserts claims against Bobby White and Sheriff Wroten for their alleged failure to provide adequate medical care. Finally, Plaintiff alleges that Sheriff Wroten, Ray Lofton, and Danny Meaux retaliated against him for filing a state court pleading by placing him

1

and two other inmates in a cell designed to hold two men. Plaintiff was allegedly housed in this cell for one month and was not allowed to participate in outdoor recreation during that period.

On September 18, 2017, Defendants Fisher and Patton ("MDOC Defendants") filed their Motion for Summary Judgment [51], and on September 21, 2017, Defendants Lofton, Meaux, White, and Sheriff Wroten ("Amite County Defendants") filed their Motion for Summary Judgment [54]. In both Motions [51] [54], Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff responded to the Motions [51] [54] on November 1, 2017, and the Motions are ripe for disposition.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact."

*Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

In support of their Motion [54], Amite County Defendants submitted an affidavit from the Chief Deputy of the Amite County Sheriff's Department, Rodney Murray, stating that there

was a grievance process in place at the time of Plaintiff's incarceration at the jail. *See* [54-1] at 1.

Amite County Defendants also submitted the jail's grievance policy which states as follows:

> 1. Any grievance shall be submitted to the jail staff in writing within 30 days of incident.
> 2. Grievance shall contain date and time incident occurred.
> 3. Grievance shall contain as much information as possible.
> 4. Grievance will be signed and dated by inmate filing grievance.
> 5. Inmate is to ask for a copy of grievance to keep for there [sic] records and original is to go to jail administrator for review.

*See* [54-1] at 2. In his affidavit, Murray states that a review of Plaintiff's inmate file reveals that Plaintiff did not file any grievances during his incarceration at the Amite County Jail. *See* [54-1] at 1.

MDOC has its own grievance policy. Mississippi Code § 47-5-801 grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up a two-step Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MDOC Grievance Procedures [62-1]. Defendants note that Plaintiff could have completed the first step of the grievance process "by writing a letter to the ARP Director, in which he/she briefly sets out the basis for his/her claim, and the relief sought." *See* [67] at 2; [62-1] at 10. MDOC Defendants submitted an affidavit from the Director of the ARP, Richard Pennington, stating that there is no record of Plaintiff submitting an ARP grievance. *See* [51-1].

Defendants argue that Plaintiff failed to exhaust his administrative remedies and cannot proceed with his claims because Amite County Jail and MDOC had grievance policies but Plaintiff failed to submit any grievances.

In response to the Amite County Defendants, Plaintiff argues that the Amite County Jail did not have a grievance process and, even if there was a grievance process, he was unaware of it. *See* Response [64]. According to Plaintiff, the jail did not conduct an orientation for inmates, provide inmate handbooks, or otherwise inform him of the grievance process. *See* Response [64]. Additionally, at the *Spears* hearing, Plaintiff testified that he asked Sheriff Wroten, White, and Lofton about the jail's grievance process and each one of these Defendants told him that the jail did not have a grievance process. Plaintiff asserts that he filed a motion in the Amite County Circuit Court regarding his complaints because he could not submit an administrative grievance.

In response to the MDOC Defendants, Plaintiff argues that MDOC administrative remedies were unavailable to him at the Amite County Jail. According to Plaintiff, the Amite County Jail did not provide MDOC grievance forms, manuals, policies, or a grievance coordinator. *See* Response [62]. Plaintiff also states that he provided a complaint to Probation Officer William Rounce on April 1, 2015. *Id.* According to Plaintiff, he submitted this complaint because Rounce "advised plaintiff to file a grievance petition about the issues and that he would in fact telefax such to the appropriate officials in the Mississippi Department of Correction." *See* Complaint [1] at 5.[1]

Mere ignorance of the exhaustion requirement does not excuse a plaintiff's failure to exhaust. *See Gonzalez v. Crawford*, 419 Fed. App'x. 522 (5th Cir. 2011); *Leggett v. Lafayette*, 608 Fed. App'x 187 (5th Cir. 2015). However, "[g]rievance procedures *are* unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*,

---

[1] In an affidavit attached to his Response [62], Plaintiff states that Rounce "instructed me to write a complaint so that he could send to some people in MDOC."

5

798 F.3d 290, 295 (5th Cir. 2015). As a general matter, where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they can render that remedy "unavailable" to such an extent that a court will excuse the prisoner's failure to exhaust. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "The Fifth Circuit requires that a prisoner plaintiff must, at the very least, inquire about filing a grievance and be denied in order to properly assert that administrative remedies are unavailable." *Davis v. Bulter*, 2014 WL 5502421, at *3 (S.D. Miss. Oct. 30, 2014) (citing *Manemann*, 484 Fed. App'x. at 857, 858 (5th Cir. 2012); *Bailey v. Anderson*, 2014 WL 4327917 at *5 (N.D. Tex. Sept. 2, 2014)).

Here, Plaintiff specifically states that he inquired about the Amite County Jail's grievance process and was informed by Sheriff Wroten, White, and Lofton that the jail did not have a grievance process. Plaintiff also states that he submitted a grievance to Parole Officer Rounce, after Rounce informed Plaintiff that he would submit the grievance to MDOC officials. Defendants have not presented evidence demonstrating that they otherwise informed Plaintiff of the grievance process for the Amite County Jail or MDOC.

Based on Plaintiff's Responses [62] [64], his sworn testimony at the *Spears* hearing, and the evidence before the Court, Plaintiff has sufficiently raised a genuine issue of material fact as to whether administrative remedies were available to him. Accordingly, the Motions for Summary Judgment [51] [54] will be denied. The contested fact issues of whether Plaintiff exhausted administrative remedies may be handled as a threshold issue before trial.[2]

IT IS, THEREFORE, ORDERED that:

---

[2] The Fifth Circuit has stated that if a plaintiff survives summary judgment on the issue of exhaustion, "the judge [as factfinder] may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary." *Dillin v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). If this matter proceeds to trial, a hearing on this issue may be held upon motion of any party.

1. The Motion for Summary Judgment [51] is DENIED and

2. The Motion for Summary Judgment [54] is DENIED.

SO ORDERED this the 30th day of November, 2017.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE